IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert Earl Vance, #167855, ) | Civil Action No.: 8:03-3515-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Phillip E. McCloud, Warden, Perry ) | |
| Correctional Inst.; and NFN Randall, ) | **O R D E R** |
| Lieutenant, Perry Correctional Inst.; ) | |
| and Aimee Enloe, M.D., Perry ) | |
| Correctional Inst.; Patricia Williams, ) | |
| Perry Correctional Inst., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was filed by the plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the defendants, individual corrections officers and the warden at Perry Correctional Institute ("PCI"). Specifically, the plaintiff alleges in the Complaint that he has difficulty walking and using stairs due to a condition with one of his legs. Plaintiff alleges that by housing him on an upper tier the defendants were indifferent to his needs and as a result he injured himself while walking down the steps at PCI. The plaintiff states that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide for his reasonable safety.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On October 8, 2004, and November 15, 2004, the plaintiff filed motions for summary judgment. On December 10, 2004, the defendants filed a motion for summary judgment. As the plaintiff is proceeding pro se, an order

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on December 15, 2004, advising the plaintiff of the summary judgment procedure and the importance for him to file an adequate response.

On July 19, 2005, the Magistrate Judge issued a Report and Recommendation which recommends that the plaintiff's motions for summary judgment be denied and defendants' motion for summary judgment be granted. The Magistrate Judge found that the plaintiff has failed to demonstrate that the actions of the defendants violated any of his constitutional rights. Therefore, the Magistrate Judge concludes that the defendants are entitled to qualified immunity.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

On August 2, 2005, the plaintiff filed objections to Magistrate Judge Hendrick's Report and Recommendation. They are as follows:

**Conditions of Confinement Regarding Inmate's Placement on an Upper Tier**

The plaintiff appears to object to the Magistrate Judge's finding that the record shows that he was housed on an upper tier in a bottom bunk from the time he arrived at PCI, on March 25, 2002,

through September 2002. The plaintiff states that he was not housed on the upper tier for that entire time period. Plaintiff states he only began being housed on the upper tier in September 2002. Thus, Plaintiff argues that the Magistrate Judge was incorrect when she stated that he was housed on an upper tier for six months.

After reviewing this objection the court finds that it further supports the Magistrate Judge's conclusion that the defendants were not deliberately indifferent to any of the conditions of the plaintiff's confinement. As revealed by the plaintiff in this objection, he only began being housed on the upper tier in September 2002. The plaintiff alleges in his Complaint that he first fell and injured himself walking down steps at PCI on September 8, 2002[1]. As noted in the Magistrate Judge's Report the plaintiff alleges that he verbally requested a tier change on September 6, however, it was on September 10, when the plaintiff filed two formal Request to Staff Member, one to the Medical and one to Classification, requesting that he be moved to the bottom tier. Shortly thereafter, when a bed came available, the plaintiff was moved to the bottom tier. Therefore, as revealed by the plaintiff in this objection, he was only housed on the upper tier for approximately three weeks. For the reasons stated above, the court overrules this objection as it makes no substantive difference in the conclusion reached by the Magistrate Judge and further supports her conclusion that the defendants were not deliberately indifferent to any of the conditions of the plaintiff's confinement.

**Date of Placement on the Bottom Tier**

The plaintiff next objects to the Magistrate Judge's finding in the Report that the plaintiff was moved to the bottom tier by September 16, 2002. Plaintiff states that the defendants did not move him until September 18, 2002. Regardless of whether the plaintiff was moved on September 16th or 18th,

---

[1] The plaintiff also alleges that he fell again on September 16, 2002.

3

the court finds that the Magistrate Judge was correct to conclude that the defendants were not deliberately indifferent to any of the conditions of the plaintiff's confinement. The record reveals that the plaintiff formally requested to be moved on September 10, 2002, and he was moved at most a week later when a bed became available. Therefore, the court overrules this objection as it is without merit.

**Discovery**

The plaintiff next states in his objection to the Magistrate Judge's Report that he filed a Motion for Discovery on July 19, 2005, and has not received a response. The plaintiff indicates that his discovery request was for his medical records. Plaintiff also states in this objection that his medical records have not been looked at. However, the court notes that the Magistrate Judge stated in the Report that the plaintiff's allegations regarding a serious injury are not supported by the *extensive* medical records submitted in this case. Thus, the court finds that the plaintiff's contention that his medical records have not "been looked at" is without merit. Therefore, this objection is overruled.

Additionally, the court notes that the plaintiff's motion for discovery of his medical records was not made until July 19, 2005. The plaintiff filed his Complaint on November 12, 2003, and his motions for summary judgment on October 8, 2004, and November 15, 2004. The defendants filed their motion for summary judgment on December 10, 2004. Therefore, the court finds the plaintiff's request for discovery is untimely and it is **DENIED**. Regardless, as stated above, the medical records have been made part of the record and the Magistrate Judge reviewed them in making her recommendation to this court.

After carefully reviewing the Report, objections, pleadings, memoranda, and applicable law, the court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein. The plaintiff's objections to the Report are hereby overruled. Accordingly, the plaintiff's motions for

summary judgment are **DENIED** and the defendants' motion for summary judgment is **GRANTED**.

    **AND IT IS SO ORDERED**.

                                      s/ R. Bryan Harwell
                                      R. Bryan Harwell
                                      United States District Judge

Florence, South Carolina
August 17, 2005